

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ned McDaniel
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-1932
Re: Whether taxi owner violated
Articles 911a, Vernon's Civil
Statutes, and 1690a, Vernon's
Penal Code, in carrying pas-
senger from Wichita Falls to
New Mexico.

In your letter of February 5, 1940, you present
the following facts:

"A passenger on Braniff Airways was ground-
ed in Wichita Falls because of bad weather. He
thereupon contracted with a local taxi owner to
transport him to his destination in New Mexico.
It appears that he could not wait for the regu-
lar bus or train. It is further true that the
taxi owner does not regularly transport passen-
gers between towns nor hold himself out as so
engaged."

You request our opinion as to whether the taxi
owner violated the provisions of Article 911a, Vernon's
Civil Statutes, or Article 1690a, Vernon's Penal Code.

Article 1690a, Penal Code, provides a penalty
for those who violate Article 911a, Vernon's Civil Stat-
utes. Said Article 911a provides for the regulation of
motor bus transportation. Section 1 (c) of the last men-
tioned Act reads in part as follows:

"The term 'Motor Bus Company' when used in
this Act (Art. 911a; P.C. 1690a) means every
corporation or persons as herein defined, their
lessees, trustees, receivers, or trustees ap-
pointed by any court whatsoever, owning, con-
trolling, operating, or managing any motor pro-
pelled passenger vehicle, not usually operated

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

617

Hon. Ned McDaniel, page 2

on or over rails, and engaged in the business
of transporting persons for compensation or
hire over the public highways within the State
of Texas, whether operating over fixed routes
or fixed schedules, or otherwise; . . ."

Section 2 of said Article 911a provides that:

"All motor-bus companies, as defined
herein, are hereby declared to be 'common
carriers' and subject to regulation by the
State of Texas, and shall not operate any
motor propelled passenger vehicle for the reg-
ular transportation of persons as passengers
for compensation or hire over any public high-
way in this State except in accordance with
the provision of this Act . . ."

Other parts of Article 911a provide for the
issuance of certificates and permits under proper circum-
stances.

In the case of Hoffman vs. State, 20 S. W. (2d)
1057, it was held that this law is not violated by an
agent of a company who hires a service car one time to
transport over a public highway of this state passengers
who had been brought to our state line upon a vehicle
operated outside the state by such company.

In the case of Commercial Credit Company vs.
Groseclose, 66 S. W. (2d) 709, the El Paso Court of Civil
Appeals held that Article 1690a of the Penal Code was not
violated by a person who, in making an isolated trip from
El Paso to Big Spring, accepted compensation from a person
who accompanied him on the trip.

Under the facts submitted by you, the above ques-
tion is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

APPROVED FEB 14, 1940

GRL:jm

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN